UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER GAKUBA,

   Petitioner,

v.

MARYLAND ATTORNEY GENERAL'S OFFICE,

   Respondent.

Civ. No. MJM-25-0415

## MEMORANDUM ORDER

Petitioner Peter Gakuba filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 10, 2025. ECF No. 1. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, it plainly appears that Gakuba is not entitled to relief. For the reasons that follow, the Petition is denied as successive, and Gakuba's remaining motions are denied as moot. A certificate of appealability shall not issue. Gakuba is warned that the filing of future successive petitions will result in sanctions.

Gakuba challenges his 2015 convictions for three counts of aggravated criminal sexual abuse in the Circuit Court of Winnebago County, Illinois. ECF No. 21. He has a protracted history of collaterally attacking these convictions throughout the federal courts.

Gakuba first properly challenged his conviction in the Northern District of Illinois by filing a petition for federal habeas corpus relief. The petition was denied on October 24, 2018. *Gakuba v. Brannon*, No. 17 C 50337, 2018 WL 10127255 (N.D. Ill. Oct. 24, 2018). The Seventh Circuit denied Gakuba's subsequent request to file a successive petition. *See Gakuba v. Jeffreys*, No. 22-3039, 2022 WL 18863593, at *1 (7th Cir. Nov. 21, 2022). The Seventh Circuit warned Gakuba

that future frivolous motions would result in sanctions. *Id*. Nonetheless, Gakuba filed a second motion to file a successive habeas petition. The Seventh Circuit denied his motion, fined him $500, and ordered "[a]ny application for leave to file successive collateral attacks on this conviction or sentence will be deemed denied 30 days after filing unless this court orders otherwise." *Id.*

Gakuba was undeterred by his unsuccessful attempts to collaterally attack his conviction in Illinois and turned to other jurisdictions. He filed no fewer than ten petitions for federal habeas corpus relief in seven separate federal district courts. All were transferred or dismissed as successive. *See Gakuba v. Warden*, Civ. No. ELH-21-2498 (D. Md. Oct. 5, 2021) (transferred); *In re Gakuba*, No. 1:21-CV-8121 (LTS), 2021 WL 5336941, at *1 (S.D.N.Y. Oct. 14, 2021) (transferred); *In re Peter Gakuba,* No. 21-cv-04322 (E.D. Pa. Oct 21, 2021) (transferred); *Gakuba v. Doe*, No. 22-CV-1039 (LTS), 2022 WL 561669, at *1 (S.D.N.Y. Feb. 22, 2022) (successive); *Gakuba v. California Att'y Gen.*, No. 22-CV-07698 NC (PR), 2022 WL 17813143, at *1 (N.D. Cal. Dec. 16, 2022) (transferred); *Gakuba v. Att'y Gen. of Maine*, No. 2:23-CV-00009-GZS, 2023 WL 349328, at *1 (D. Me. Jan. 18, 2023), *report and recommendation adopted*, No. 2:23-CV-00009-GZS, 2023 WL 315697 (D. Me. Jan. 19, 2023), *certificate of appealability denied sub nom. Gakuba v. Frey*, No. 23-1084, 2024 WL 3549125 (1st Cir. Apr. 10, 2024) (successive); *Gakuba v. Md. Att'y Gen.'s Office*, 22-cv-237 (D. Md. Jan 3, 2023) (successive); *Gakuba v. D.C. Att'y Gen.*, No. CV 23-0126 (UNA), 2023 WL 1070566, at *1 (D.D.C. Jan. 25, 2023) (successive); *Gakuba v. California Att'y Gen.*, No. 222CV09243FLAAFM, 2023 WL 2356696, at *1 (C.D. Cal. Feb. 21, 2023) (successive).

For the same reasons addressed by these district courts, the Court finds the instant Petition to be successive.

Under 28 U.S.C. § 2244, a petitioner may only file a successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305–07 (11th Cir. 1996). A petition is not successive if the claims asserted were not ripe at the time the first petition was filed. *See Panetti v. Quarterman*, 551 U.S. 930, 942–47 (2007) (death penalty Eighth Amendment claim in a second application was not subject to the gatekeeping mechanism of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) because the first petition was filed before an execution date was scheduled); *accord United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014); *see also Hicks v. Clarke*, No. 3:15CV405, 2016 WL 8731440, at *8 (E.D. Va. Sept. 30, 2016) (holding *Brady*-based second-in-time petitions do not fall within the ripeness exception where the facts underlying the claim existed when the first petition was filed).

"Congress has empowered the courts of appeals to authorize the filing of a second or successive habeas petition where 'the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)].'" *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000) (alteration in original) (quoting 28 U.S.C. § 2244(b)(3)). As the *Evans* court observed:

> [A] petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a *new rule of constitutional law*, *see* 28 U.S.C. §2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of §2244(b)(2)(B)(i) and §2244(b)(2)(B)(ii). These requirements serve the important interests in finality and respect for state court judgments that underlie the statutory habeas scheme. . . . At the same time, the statute affords an opportunity to bring new claims where the petition can show he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue.

*Id*. (emphasis supplied).

The instant Petition attacks the same convictions as were addressed in Petitioner's

3

numerous other cases. This Court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the Court to do so.[1] *See* 28 U.S.C. § 2244(b)(3)(A); *In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997). Gakuba has not provided an order of a federal court of appeals authorizing him to file a second or successive petition.

Indeed, Gakuba is well aware that his Petition is successive and not subject to review by this Court. After two unsuccessful attempts at a successive petition in the Seventh Circuit and a sanction, he filed frivolous successive petitions in at least seven jurisdictions unrelated to his conviction. The instant Petition is his third in this Court. Judge Chuang's January 3, 2023, Order dismissing his second petition in this Court as successive should have been sufficient to put Gakuba on notice that another habeas petition would also be dismissed as successive. *See Gakuba v. Md. Att'y Gen.'s Office*, Civ. No. TDC-22-237, ECF No. 29 (D. Md. Jan 3, 2023). The many other district court orders leave no doubt that he was aware that the instant Petition is frivolous.

Gakuba's litigation history reveals that he lacks a good-faith basis to continue filing habeas petitions, has serially abused his access to the courts, and has placed unnecessary burdens on judicial resources. He is hereby warned that future habeas petitions related to his 2015 convictions for three counts of aggravated criminal sexual abuse in the Circuit Court of Winnebago County, Illinois will result in appropriate sanctions, including a possible prefiling injunction.

The instant Petition is dismissed as successive. Gakuba's remaining motions shall be denied as moot.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[1] The Court assumes without deciding that the Fourth Circuit would be the "appropriate Court of Appeals" under 28 U.S.C. § 2241.

right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). The denial of a Certificate of Appealability does not preclude Gakuba from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Gakuba has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a Certificate of Appealability.

Accordingly, it is this   24th   day of September, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice as a successive writ;

2. A Certificate of Appealability SHALL NOT ISSUE;

3. Gakuba's Motion for Leave to File Excess Pages, Amended Motion for Leave to File Excess Pages, and Corrected Motion for Leave to File Excess Pages (ECF Nos. 35, 36, 37) are DENIED as moot;

4. The Clerk SHALL PROVIDE a copy of this Order to Gakuba; and

5. The Clerk SHALL CLOSE this case.

                                                                /S/
                                            Matthew J. Maddox
                                            United States District Judge